| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Joseph C. Delmotte (SBN 259460)<br>jdelmotte@aldridgepite.com<br>ALDRIDGE PITE, LLP<br>3333 Camino del Rio South<br>Suite 225<br>San Diego CA 92108<br>Telephone: (858) 750-7600<br>Facsimile:  (619) 590-1385 | |
| ☐  *Movant appearing without an attorney*<br>☒  *Attorney for Movant* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>ALVIN E. MEDINA,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:26-bk-10809-SY<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION<br>FOR RELIEF FROM THE AUTOMATIC<br>STAY  UNDER 11 U.S.C. § 362<br>(with supporting declarations)<br>(REAL PROPERTY)** |
| | DATE:        April 22, 2026<br>TIME:        9:30 a.m.<br>COURTROOM:        302 |

**Movant:** DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FREMONT HOME LOAN TRUST 2005-1, ASSET-BACKED CERTIFICATES, SERIES 2005-1

1.  **Hearing Location:**

☐  255 East Temple Street, Los Angeles, CA 90012        ☐  411 West Fourth Street, Santa Ana, CA 92701
☐  21041 Burbank Boulevard, Woodland Hills, CA 91367        ☐  1415 State Street, Santa Barbara, CA 93101
☒  3420 Twelfth Street, Riverside, CA 92501

2.  Notice is given to the Debtor and trustee (if any)(Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3.  To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*)_____ and (*time*)_____; and, you may appear at the hearing:

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: March 27, 2026

Aldridge Pite, LLP
Printed name of law firm (if applicable)

Joseph C. Delmotte
Printed name of individual Movant or attorney for Movant

/s/Joseph Delmotte

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY[1]

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a.   Address:

   *Street address:*         29254 Wagon Creek Lane
   *Unit/suite number:*
   *City, state, zip code:*     Menifee, CA 92584

   b.   Legal description or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _2_ ):  RIVERSIDE County; Inst. No. 2004-1017746

3. **Bankruptcy Case History:**

   a.   A ☒ voluntary ☐ involuntary bankruptcy petition under Chapter ☒ 7    ☐ 11   ☐ 12 ☐ 13 was filed on (*date*) 2/3/2026          .

   b.   ☐ An order to convert this case to chapter ☐ 7   ☐ 11   ☐ 12 ☐ 13 was entered on (*date*): _____.

   c.   ☐ A plan, if any, was confirmed on (*date*): _____.

4. **Grounds for Relief from Stay:**

   a.   ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1)   ☐ Movant's interest in the Property is not adequately protected.

     (A)   ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

     (B)   ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

     (C)   ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2)   ☒ The bankruptcy case was filed in bad faith.

     (A)   ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

     (B)   ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

     (C)   ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

     (D)   ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

     (E)   ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

     (F)   ☒ Other (*see attached continuation page*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.

        ☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other (*specify*):

6. **Evidence in Support of Motion: (*Declaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. ☒ The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**Movant requests the following relief:**

1. Relief from the stay is granted under: ☒11 U.S.C. § 362(d)(1)  ☐11 U.S.C. § 362(d)(2)  ☐11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4. ☐ Confirmation that there is no stay in effect.

5. ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9. ☒ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:    March 27, 2026

Aldridge Pite, LLP
Printed name of law firm (*if applicable*)

Joseph C. Delmotte
Printed name of individual Movant or attorney for Movant

/s/Joseph Delmotte

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 5                           **F 4001-1.RFS.RP.MOTION**

## ATTACHMENT 4.a.(2)(F)

☒ On March 18, 2025, two (2) days prior to the scheduled foreclosure sale on the Property, Debtor Alvin E. Medina and Theresa L. Medina filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California, Riverside Division, and were assigned case No. 6:25-bk-11633-SY. Said case was dismissed on October 3, 2025. A copy of the court's docket is attached hereto as Exhibit 5.

☒ On October 15, 2025, Debtor Alvin E. Medina and Theresa L. Medina filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California, Riverside Division, and were assigned case No. 6:25-bk-17397-SY. Said case was dismissed on January 16, 2026. A copy of the court's docket is attached hereto as Exhibit 6.

☒ Debtor has failed to make payments due and owing to Movant and the loan is currently twenty-two (22) payments delinquent. (See Real Property Declaration, ¶ 11).

## ATTACHMENT 14.

PHH Mortgage Corporation services the underlying mortgage loan and note for the property referenced in this Motion for Relief for Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1, and is entitled to proceed accordingly.  Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1.  Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1 has the right to foreclose because it is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan.  Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1, directly or through an agent has possession of the promissory note and the promissory note is either made payable to Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1, or has been duly endorsed.

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite,LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) <u>Carlene Reid, declare:</u>

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☐ I am employed by Movant as (*state title and capacity*):

   c. ☒ Other (*specify*): **SEE ATTACHED CONTINUATION SHEET**

2. a. ☐ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required

   b. ☒ Other (*see attached*): **SEE ATTACHED CONTINUATION SHEET**

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit __1__.

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _2 & 3_.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☐ Other (*specify*):

4. a. The address of the Property is:

   Street address:         29254 Wagon Creek Lane
   Unit/suite no.:
   City, state, zip code:   Menifee, CA 92584

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is: RIVERSIDE County; Inst. No. 2004-1017746

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5. Type of property *(check all applicable boxes):*
   a. ☒ Debtor's principal residence      b. ☐ Other residence
   c. ☐ Multi-unit residential            d. ☐ Commercial
   e. ☐ Industrial                        f. ☐ Vacant land
   g. ☐ Other *(specify)*: _____ .

6. Nature of Debtor's interest in the Property:
   a. ☐ Sole owner
   b. ☒ Co-owner(s) *(specify)*: Debtor, Alvin E. Medina is a co-owner with Theresa L. Medina, a co-borrower who is not a party to the bankruptcy case.
   c. ☐ Lienholder *(specify)*:
   d. ☐ Other *(specify)*:
   e. ☒ Debtor ☒ did      ☐ did not      list the Property in the Debtor's schedules.
   f. ☐ The Debtor acquired the interest in the Property by      ☐ grant deed ☐ quitclaim deed ☐ trust deed.

      The deed was recorded on *(date)* _____

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (specify) _____
   that encumbers the Property.
   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit _2_ .
   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit _1_ .
   c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _3_ .

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a) | Principal: | $ | $ | $381,880.59* |
| b) | Accrued interest: | $ | $ | $12,984.18 |
| c) | Late charges | $ | $ | $227.44 |
| d) | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $7,705.84 |
| e) | Advances (property taxes, insurance): | $ | $ | $11,505.14 |
| f) | Less suspense account or partial balance paid: | $ [          ] | $ [          ] | $[265.80] |
| g) | TOTAL CLAIM[1] as of *(date)*: 2/11/2026 | $ | $ | $414,037.39 |

   h) ☐ Loan is all due and payable because it matured on ( *date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):
   a. Notice of default recorded on *(date)* _10/28/2024_ or ☐ none recorded.
   b. Notice of sale recorded on *(date)* _2/4/2025_ or ☐ none recorded.
   c. Foreclosure sale originally scheduled for *(date)* _3/20/2025_ or ☐ none scheduled.
   d. Foreclosure sale currently scheduled for *(date)* ___ or ☒ none scheduled.
   e. Foreclosure sale already held on *(date)* ___ or ☒ none held.

---

[1] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.
*As of February 11, 2026, the total unpaid principal balance of the Note is $381,880.59, which includes the unpaid principal balance of $348,898.19 and a deferred principal balance of $32,982.40.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

f.   Trustee's deed upon sale already recorded on (*date*) ___ or ☒none recorded.

10. Attached (*optional*) as Exhibit ____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

a.   Amount of current monthly payment as of the date of this declaration: $ 1,855.62 for the month of February 2026.

b.   Number of payments that have come due and were not made: 22. Total amount: $ 40,841.90

c.   Future payments due by time of anticipated hearing date (*if applicable*):

An additional payment of $ 1,855.62 will come due on (*date*) 3/1/2026 , and on the 1st day of each month thereafter. If the payment is not received within n/a days of said due date, a late charge of $ n/a will be charged to the loan.

d.   The fair market value of the Property is $_____ , established by:

(1)   ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

(2)   ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

(3)   ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit ____.

(4)   ☐ Other (*specify*):

e.   **Calculation of equity/equity cushion in Property:**

Based upon ☐ preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | | |
| 2nd deed of trust: | | | |
| 3rd deed of trust: | | | |
| Judgment liens: | | | |
| Taxes: | | | |
| Other: | | | |
| **TOTAL DEBT:**  $ | | | |

f.   Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit ____ and consists of:

(1)   ☐ Preliminary title report.

(2)   ☐ Relevant portions of the Debtor's schedules.

(3)   ☐ Other (*specify*):

g.   ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

h.   ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____ .

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                              Page 8                              **F 4001-1.RFS.RP.MOTION**

i. ☐ Estimated costs of sale: $__ (estimate based upon _% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

_____

_____

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (or concluded on) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date: _____.
A plan was confirmed on the following date (if applicable): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment Or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown or information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment Or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                     $
(*For details of type and amount, see Exhibit____.*)

e. Attorneys' fees and costs                     $
(*For details of type and amount, see  Exhibit ___.*)

f. Less suspense account or partial paid balance                     $[          ]
TOTAL POSTPETITION DELINQUENCY:                     $

g. Future payments due by time of anticipated hearing date (*if applicable*):_____.
An additional payment of $_____ will come due on _____, and on
the ____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
applied (if applicable)
$_____ received on (date) _____
$_____ received on (date) _____
$_____ received on (date) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit_____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                     Page 9                     **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☒ Other (specify): See **CONTINUATION SHEET**

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☒ Multiple bankruptcy cases affecting the Property include: See **CONTINUATION SHEET**

       1. Case name:_____
          Chapter: _____ Case number: _____
          Date dismissed: _____ Date discharged: _____ Date filed: _____
          Relief from stay regarding this Property ☐ was ☐ was not granted.

       2. Case name:_____
          Chapter: _____ Case number: _____
          Date dismissed: _____ Date discharged: _____ Date filed: _____
          Relief from stay regarding this Property ☐ was ☐ was not granted.

       3. Case name:_____
          Chapter: _____ Case number: _____
          Date dismissed: _____ Date discharged: _____ Date filed: _____
          Relief from stay regarding this Property ☐ was ☐ was not granted.

    ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

March _26_, 2026     Carlene Reid, Contract Management Coordinator     _____
Date                             *Printed name*                                                          *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## CONTINUATION SHEET

I, Carlene Reid, declare:

1. I am over the age of eighteen and am authorized to make this declaration on behalf of Onity Mortgage Corporation f/k/a PHH Mortgage Corporation as servicer for Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1 (the "Movant")

2. I am employed as a Contract Management Coordinator for Onity Mortgage Corporation f/k/a PHH Mortgage Corporation. In this position, I have access to the business records of Onity Mortgage Corporation f/k/a PHH Mortgage Corporation and my responsibilities include ascertaining and verifying amounts due and payable as to delinquent bankruptcy accounts.

3. I make this declaration based upon my review of the records with regard to this underlying loan transaction, which are kept in the ordinary course of business of Onity Mortgage Corporation f/k/a PHH Mortgage Corporation. I have personal knowledge of and am familiar with the types of records maintained by Onity Mortgage Corporation f/k/a PHH Mortgage Corporation in connection with the loan that is the subject of the Motion (the "Loan") and the procedures for creating those types of records. I have access to and have reviewed the books, records and files of Onity Mortgage Corporation f/k/a PHH Mortgage Corporation, that pertain to the Loan and extensions of credit given to Debtor(s) concerning the property securing such Loan.

4. The information in this declaration is taken from Onity Mortgage Corporation f/k/a PHH Mortgage Corporation's business records regarding the Loan. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Onity Mortgage Corporation f/k/a PHH Mortgage Corporation's regularly conducted business activities; and (c) it is the regular practice of Onity Mortgage Corporation f/k/a PHH Mortgage Corporation, to make such records.

5. Movant, directly or through an agent, is in possession of the note which is endorsed in blank.

6. Alvin E. Medina ("Debtor") and Theresa L. Medina (collectively the "Borrowers") have executed and delivered or are otherwise obligated with respect to that certain promissory note ( the "Note"), dated December 17, 2004, in favor of Fremont Investment & Loan in the original principal sum of $382,500.00.

7. Alvin E. Medina ("Debtor") and Theresa L. Medina (collectively the "Borrowers") have executed and delivered or are otherwise obligated with respect to that certain Deed of Trust encumbering certain real property commonly known as 29254 Wagon Creek Lane, Menifee, CA 92584 (the "Property"). Pursuant to that certain Deed of Trust referenced in the Motion, all obligations of the Borrowers under and with respect to the Deed of Trust are secured by the Property.

8. The Deed of Trust has been assigned to Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1 as evidenced by an assignment of record.

9. On or about February 27, 2020, Alvin E. Medina ("Debtor") and Theresa L. Medina (collectively the "Borrowers") executed an agreement to modify the loan.

10. The Note, Deed of Trust and Supplemental Riders, Amendments, Modifications, and Assignments, if any, are attached hereto as Exhibit "1, 2, 3, & 4" and are true and correct copies of the originals, with certain sensitive personal identifiable information redacted from the document.

11. On March 18, 2025, two (2) days prior to the scheduled foreclosure sale on the Property, Debtor Alvin E. Medina and Theresa L. Medina filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California, Riverside Division, and were assigned case No. 6:25-bk-11633-SY. Said case was dismissed on October 3, 2025. A copy of the court's docket is attached hereto as Exhibit 5.

12. On October 15, 2025, Debtor Alvin E. Medina and Theresa L. Medina filed a prior voluntary petition under Chapter 13 of the Bankruptcy Code, in the U.S. Bankruptcy Court for the Central District of California, Riverside Division, and were assigned case No. 6:25-bk-17397-SY. Said case was dismissed on January 16, 2026. A copy of the court's docket is attached hereto as Exhibit 6.

13. As of February 11, 2026, there are one or more defaults in paying Debtor contractual amounts due with respect to the Note.

14. As of February 11, 2026, the total unpaid principal balance of the Note is $381,880.59 which includes the unpaid principal balance of $348,898.19 and a deferred principal balance of $32,982.40.

15. The following chart sets forth those contractual payments, due pursuant to the terms of the Note, that have been missed by the Debtor as of February 11, 2026:

| Number of Missed Payments | From | To | Monthly Missed Principal and Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 1 | 5/1/2024 | 5/1/2024 | $1,137.47 | $659.95 | $1,797.42 | $1,797.42 |
| 8 | 6/1/2024 | 1/1/2025 | $1,137.47 | $755.57 | $1,893.04 | $15,144.32 |
| 2 | 2/1/2025 | 3/1/2025 | $1,137.47 | $701.10 | $1,838.57 | $3,677.14 |
| 7 | 4/1/2025 | 10/1/2025 | $1,137.47 | $729.15 | $1,866.62 | $13,066.34 |

| 4 | 11/1/2025 | 2/1/2026 | $1,137.47 | $718.15 | $1,855.62 | $7,422.48 |
|---|---|---|---|---|---|---|
| Less contractual partial payments (suspense balance): | | | | | | $(265.80) |

**Total:** $40,841.90

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _26_ day of March, 2026.

_____
Signature
_____Carlene Reid_____
Name
_Contract Management Coordinator_____
Title
Onity Mortgage Corporation f/k/a PHH Mortgage Corporation as servicer for Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me by means of [x] physical presence or [ ] online notarization, this _26_ day of March 2026, by Carlene Reid as Contract Management Coordinator for Onity Mortgage Corporation f/k/a PHH Mortgage Corporation who is the servicer for Deutsche Bank National Trust Company, as Trustee for Fremont Home Loan Trust 2005-1, Asset-Backed Certificates, Series 2005-1, who is _personally known to me_ or who has produced n/a as identification.

_____
Signature of Notary Public
                    Claribel Lopez
Name of Notary Public: _____
Notary Commission Expiration Date: _____
Personally known: ____x_____
OR Produced Identification: _____
Type of Identification Produced: _____

CLARIBEL LOPEZ
Notary Public - State of Florida
Commission # HH 748879
My Comm. Expires Dec 22, 2029
Bonded through National Notary Assn.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3333 Camino del Rio South, Suite 225, San Diego, CA 92108

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 27, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**U.S. TRUSTEE:**
ustpregion16.rs.ecf@usdoj.gov

**ATTORNEY FOR DEBTOR:**
Michael Smith
mike@slclawoffice.com

**TRUSTEE:**
Lynda T. Bui (TR)
trustee.bui@shbllp.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On March 27, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE:**
Honorable Scott H. Yun
United States Bankruptcy Court
Central District of California
3420 Twelfth Street
Suite 345 / Courtroom 302
Riverside, CA 92501-3819

**DEBTOR:**
Alvin E. Medina
29254 Wagon Creek Lane
Menifee, CA 92584

**BORROWER:**
Theresa L. Medina
29254 Wagon Creek Lane
Menifee, CA 92584

**LIENHOLDER:**
Franchise Tax Board
PIT Bankruptcy
MS: A-340
PO Box 2952
Sacramento, CA 95812-2952

Navy Federal Credit Union
PO Box 3000
Merrifield, VA 22119

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 27, 2026 | Stephanie Flores | /s/ Stephanie Flores |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.